IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. Z178324-004APD<br><br>And,<br><br>AMLIN UNDERWRITING, LTD.<br><br>    Plaintiff,<br><br>V.<br><br>DEOL TRANSPORT, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.: _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Certain Underwriters at Lloyd's, London, which is comprised of the corporate entity of Amlin Underwriting, Ltd., (hereinafter referred to as "Certain Underwriters") files this Complaint for Declaratory Judgment.

## **PARTIES**

1.

Plaintiff Certain Underwriters is an unincorporated association and insurance syndicate authorized to transact and is transacting business in the State of Virginia. Certain Underwriters seeks a declaration of its coverage obligations, if any, under a

1

liability insurance policy issued to Defendant Deol Transport, Inc. as the named insured.

2.

Defendant Deol Transport, Inc. ("Deol Transport") is a corporation organized under the laws of the State of Virginia with its principal place of business in Haymarket, Virginia in Prince William County.  It may be served with process through its registered agent, Gian S. Deol, at 6606 Brave Ct., Haymarket, Virginia 20169. Deol Transport seeks coverage as the named insured under an insurance policy issued by Certain Underwriters for property damage totaling approximately $200,000.00 that occurred on or about March 15, 2018 in the vicinity of Amboy, California ("Claim").

3.

Plaintiffs are both entities with their principal place of business located in London, England.

## **JURISDICTION**

4.

The alleged acts giving rise to this suit occurred within the Eastern District of Virginia. For that reason, and also because Deol Transport is subject to personal

jurisdiction within the Eastern District of Virginia, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

5.

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties, and more than $75,000 is in controversy.

6.

There is an actual case or controversy concerning Certain Underwriter's coverage obligations, if any, for the subject Claim such that this Court may declare the rights and obligations of Certain Underwriters pursuant to 28 U.S.C. § 2201.

## UNDERLYING CLAIM

7.

Certain Underwriters issued an Automobile and Collision Policy to Continental Trucking Association, Inc., insurance policy No. Z178324-004APD, and its certificate holders, one of which is Deol Transport, with a policy period from April 1, 2017 to April 1, 2018 (the "Policy"). Coverage under the Policy is subject to its terms, conditions, limitations, definitions, exclusions, restrictions, and applicable deductible per accident or occurrence.

8.

On or about March 15, 2018, a tractor-trailer purportedly owned and operated by Deol Transport was damaged while traveling on the interstate in the vicinity of Amboy, California ("Accident"). The subject vehicle was being driven by Tarith Singh (hereinafter "Singh")at the time of the alleged loss.

9.

Singh had been employed by Deol Transport since March 12, 2018, a mere three (3) days prior to the Accident.  Singh had not been approved by Certain Underwriters pursuant to the terms of the Policy, and, in fact, Deol Transport had never even submitted Singh for approval prior to the Accident.

10.

Deol Transport has made a Claim under the Policy for the personal property loss sustained as a result of the Accident.

11.

Certain Underwriters has denied Deol Transport's Claim because it has not complied with the relevant provisions of the Policy with respect to its driver and there is no coverage for the loss.

## **INSURANCE POLICY PROVISIONS**

12.

The Policy contains a provision entitled "Driver Criteria" in the "Additional Clause(s) and Endorsement(s) Applicable to this Policy" section of the Policy. A true and accurate copy of the Policy (with premium information redacted) is attached as EXHIBIT A. The Driver Criteria provision provides in pertinent part that:

> Every driver must have his/her Motor Vehicle Report (MVR) approved by Continental Insurance Agency within 7 days of their employment with the subject trucking firm. They must comply with the following Driver Criteria, and have a Single Valid Full Commercial Driving License, endorsed for the specific type equipment operated at the time of loss or damage. If any of the Driver Criteria, including the following, is not fully complied with, then the driver is not acceptable or approved and will result in any claim or loss involving such unacceptable or unapproved driver as being not covered for any and all coverage's that might otherwise have been applicable.
>
> Driver must be aged 21 or over and 65 or under. Drivers aged 21 or 22 will only be accepted with clean MVR (no major or minor violation whatsoever).
>
> Minimum of two years Commercial Truck Driving Experience.
>
> No more than 4 (four) minor violations in the last three years, with no more than two in the last year. No more than 1 (one) chargeable accident in the last three years.
>
> Driver must have no major violations in the last three years.
>
> Driver must have Single Valid Full Commercial Driving License, endorsed for the equipment operated at the time of loss or damage.

Driver must have no license suspension.
No acceptable MVR shall exceed 3 months old.

Minor Violation Definitions:-  All moving violations other than major violations listed below are considered minor violations. The following non-moving violations are considered to be minor violations:

- Defective brakes, Defective equipment, Oversize / Overweight. Two (2) overweight violations equal one (1) minor violation.

Major Violation Definition:-

- Driving Whilst Intoxicated (DWI), Driving Under the Influence (DUI), implied consent, any drug related violation.
- Manslaughter or negligent homicide.
- Felony involving a motor vehicle. Racing.
- Hit and Run or leaving the scene of an accident
- Reckless Driving
- License suspension for points.
- Driving while license suspended.
- Fleeing/eluding arrest.
- Multiple driver licenses not reported to company.

All other policy terms and conditions remain unchanged.

***

13.

Prior to the loss, Deol Transport was in violation of the Driver Criteria.  Singh, the driver operating the subject tractor-trailer during the Accident, was not approved by Certain Underwriters and Deol Transport had not even submitted Singh as a

potential driver for approval.

14.

Singh, in addition to being an unapproved driver, upon information and belief, maintained less than two years of commercial truck driving experience which is also a violation of the Driver Criteria.

15.

Deol Transport violated the Driver Criteria which are conditions and requirements for coverage to exist under the Policy.

16.

There is no coverage for Deol Transport under the Policy for the Claim as a result of the Accident.

17.

Certain Underwriters is not obligated under its Policy to pay for any loss suffered by Deol Transport as a result of the Accident.

18.

Certain Underwriters is entitled to a judgment against Deol Transport declaring that there is no coverage under the Policy for the Claim or any loss suffered as a result of the Accident.

19.

An action justiciable controversy exists among the parties to this action as to whether or not the Policy provides coverage for the Claim made by Deol Transport as a result of the Accident, and, therefore, Certain Underwriters does hereby request that this Court adjudicate and declare Certain Underwriters' obligations under the Policy pursuant to 28 U.S.C. §2201.

20.

There is no coverage under the Policy for the Claim asserted by Deol Transport pursuant to the "Driver Criteria" endorsement of the Policy, which expressly requires an insured's driver to meet said criteria and be accepted by Certain Underwriters before such driver can be covered for any loss under the Policy.

21.

Based on all the terms, conditions, and endorsements in the Policy (whether expressly mentioned or identified in this Complaint or not), as well as under relevant legal principles and public policy considerations, Certain Underwriters is entitled to a declaration that it has no duty to indemnify Deol Transport for the Claim made as a result of the Accident.

**RELIEF SOUGHT**

WHEREFORE, Certain Underwriters moves this Honorable Court to enter a judgment Order declaring:

(a) That there is no coverage for Singh or Doel Transport under the Policy and that Certain Underwriters and Amlin Underwriting, Ltd. owes no duty to indemnify, defend or cover Deol Transport or Singh for the Claim made as a result of the Accident;

(b) Convene a jury to resolve all issues so triable; and

(c) Award other and further relief as is just and proper.

**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO CERTIFICATE NO. Z178324-004APD
AMLIN UNDERWRITING, LTD.**


**/s/ W. Barry Montgomery
Of Counsel**

W. Barry Montgomery, Esq.   (VSB#  43042)
KPM Law
901 Moorefield Park Drive, Suite 200
Richmond, Virginia  23236
(804) 320-6300 – Telephone
(804) 320-6312 – Facsimile
Barry.Montgomery@kpmlaw.com
*Counsel for Petitioners*